IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JERRY GLENN TRAMEL,
    Plaintiff,

vs.                                                   5:09cv149/MMP/MD

STANLEY PEACOCK,
    ASST. STATE ATTORNEY,
        Defendant.

ORDER and
REPORT AND RECOMMENDATION

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint, and motion to proceed *in forma pauperis* (doc. 1 & 2). Good cause having been shown, leave to so proceed should be granted.

       Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).

       Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis*

*v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that there are pending state charges against him for violations of §817.567, Florida Statutes, which proscribes making false claims of academic degree or title,[1] and § 817.29, Florida Statutes, felony "cheating."  The basis for these charges is plaintiff's alleged misrepresentation of an educational degree secured from Canterbury University.  Apparently, while plaintiff was out on medical leave, a search was conducted of his office and documentation supporting these charges was gathered.  Plaintiff asserts that although he has submitted a certificate of good standing confirming the legal existence of the Canterbury University to the Office of the State Attorney, that office has declined his

---

[1] Plaintiff states that this statute has been found unconstitutional in other jurisdictions.  See *Strang v. Satz*, 884 F.Supp. 504 (S.D. Fla. 1995) (court held statute to be unconstitutional as it was not narrowly tailored to achieve substantial government interest).

*Case No: 5:09cv149/RS/MD*

requests to drop the case. He also claims that he is a victim of selective prosecution, because other individuals who have made false claims to academic degrees have not been prosecuted. He claims a violation of his Fourteenth Amendment rights because of the search of his office. He seeks an injunction preventing his prosecution based on his degree status, dismissal of the charges against him, a court order directing the return of personal belongings that were seized in conjunction with the search, and a court order directing the legal recognition of his Canterbury University degrees.

Insofar as plaintiff seeks an order affecting the ongoing state proceeding in his case, the complaint must be dismissed, because plaintiff's claim lacks even an arguable basis in law. His claims are inextricably intertwined with the pending state criminal case against him. It is well established that Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 *(1975); Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Clearly that is the situation in this case, and plaintiff's claim must be dismissed so that he may take up the issues he seeks to raise here in the appropriate state court forum.

Because plaintiff's case lacks an arguable basis in law due to the pending state court proceedings, it should be dismissed for failure to state a claim.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*Case No: 5:09cv149/RS/MD*

At Pensacola, Florida, this 28th day of April, 2009.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).